UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BARRDAY, INC.
and BARRDAY CORP.,

              Plaintiffs,

v.

LINCOLN FABRICS INC.,

              Defendant.

**COMPLAINT**

Case No. _____

**JURY TRIAL DEMANDED**

---

Plaintiffs Barrday, Inc. and Barrday Corp. (collectively, "Barrday"), for their complaint against defendant Lincoln Fabrics Inc. ("Lincoln"), allege as follows:

## PARTIES

1. Barrday, Inc. is a Canadian corporation with its principal place of business at 75 Moorefield Street, Cambridge, Ontario, Canada.

2. Barrday Corp. is a Delaware corporation with its principal place of business at 1450 West Pointe Drive, Charlotte, North Carolina.

3. Among other things, Barrday develops and manufactures advanced material solutions for the protective, composite and energy markets.

4. Barrday has developed, designed, manufactured and sold various products including fiber reinforcements, prepregs, laminates, coatings, adhesives, sealants and materials for use in soft body armor applications.

5. Upon information and belief, Lincoln is a Canadian corporation with its principal place of business at 63 Lakefront Road, St. Catherines, Ontario, Canada.

6. Upon information and belief, Lincoln makes, distributes, sells and offers to sell in the United States and the State of New York, and/or imports into the United States and the State of New York, various fabrics for use in ballistic and soft body armor applications and the US military market.

## JURISDICTION AND VENUE

7. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and particularly 35 U.S.C. § 271.

8. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9. This Court has personal jurisdiction over Lincoln.  Upon information and belief, Lincoln, by or through its agents and affiliates, regularly transacts, solicits and engages in business in New York, including the Western District of New York; contracts to supply goods in this jurisdiction; advertises and markets infringing goods within this jurisdiction; derives substantial revenue from sales in this jurisdiction; and/or knows or expects its actions to have consequences in this jurisdiction, and derives substantial revenue from interstate or international commerce; such that the maintenance of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and/or § 1400(b).

## THE PATENT IN SUIT

11. On November 5, 2013, U.S. Patent Number 8,573,261, entitled "WOVEN MULTI-LAYER FABRICS AND METHODS OF MAKING SAME" ("the '261 patent"), was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '261 patent is attached as Exhibit A.

12. Barrday, Inc. is the owner of the entire right, title, and interest in and to the '261 patent.

13. Barrday Corp. is a non-exclusive licensee of the '261 patent with the right to sue for infringement of the '261 patent.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,573,261

14. Plaintiffs reallege paragraphs 1 through 13 above.

15. Lincoln is infringing the '261 patent by making, using, selling, offering for sale and/or importing in the United States at least the woven ballistic fabric depicted below, which embodies the inventions claimed in the '261 patent.



16. By way of example and not limitation, Lincoln's fabric infringes independent claim 1 of the '261 patent.

17. Lincoln has made, used, sold, offered for sale and/or imported into the United States the infringing fabric without license or authority from Barrday.

18. Lincoln has been and still is directly infringing, contributing to and/or actively inducing infringement of the '261 patent.

19. At least as early as November 18, 2014, Lincoln was notified of its infringement by Barrday.

20. Accordingly, Lincoln has actual knowledge of the contents of the '261 patent, and Lincoln's prior and continuing infringement of the '261 patent was and is willful and deliberate, and without any objectively reasonable defense to infringement, rendering this case exceptional within the meaning of 35 U.S.C. § 285.  Such acts entitle plaintiffs to an award of enhanced damages and reasonable attorneys' fees.

21. Lincoln has profited from its infringement of the '261 patent.  As a result of Lincoln's unlawful infringement, plaintiffs have been damaged in an amount yet to be determined, and will continue to be damaged by that infringement unless enjoined by this Court.

22. Upon information and belief, Lincoln will continue to directly infringe, contributorily infringe and/or induce infringement of the '261 patent, and plaintiffs will continue to be irreparably harmed, unless Lincoln is enjoined by the Court.

## **JURY DEMAND**

Plaintiffs demand a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that the Court enter judgment in their favor and against Lincoln as follows:

(A) that the Court enter judgment against Lincoln and in favor of plaintiffs with respect to all relief requested in this complaint;

(B) that the Court declare that Lincoln and its parents, subsidiaries, officers, agents, servants, employees, licensees, customers, distributors, affiliates, and all other persons acting or attempting to act in active concert or participation therewith, have infringed and continue to infringe, either directly or indirectly, the '261 patent;

(C) that the Court declare and order that the '261 patent is valid and enforceable;

(D) that the Court preliminarily and permanently enjoin Lincoln, its parents, subsidiaries, officers, agents, servants, employees, licensees, customers, distributors, and all other persons acting or attempting to act in active concert or participation therewith, from further infringement, inducement of infringement and contributory infringement of the '261 patent;

(E) that plaintiffs be awarded all damages caused by Lincoln's infringement pursuant to 35 USC § 285, to the extent allowable by law;

(F) that the Court find this case to be exceptional pursuant to 35 USC § 285, and award plaintiffs treble damages, as well as plaintiffs' costs, expenses and reasonable attorneys' fees in this action, pursuant to 35 USC §§ 284 and 285 and Fed. R. Civ. P. 54(d);

(G) that plaintiffs be awarded pre-judgment and post-judgment interest; and

(H) that the Court grant plaintiffs such other and further relief as the Court deems appropriate.

Dated: February 24, 2015

PHILLIPS LYTLE LLP

By:    s/ Michael J. Berchou
Michael J. Berchou
Rowland Richards
One Canalside
125 Main Street
Buffalo, New York 14203
(716) 847-8400
mberchou@phillipslyte.com
rrichards@phillipslytle.com

Attorneys for Plaintiffs